IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:  CORLEY NISSAN, LLC, a
New Mexico limited liability company,           Case No. 23-10975-j11

Debtor.

---

In re:  DM & KC, LLC, a New Mexico
limited liability company,                       Case No. 23-10976-t11
                                                 (Jointly Administered)
Debtor.

## DEBTORS' JOINT PLAN OF REORGANIZATION
## DATED FEBRUARY 29, 2024

Corley Nissan, LLC and DM & KC, LLC (the "Joint Debtors" or "Debtors") propose the following Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code.

## TABLE OF CONTENTS

DEFINITIONS AND ABBREVIATIONS ........................................................................ 2
GENERAL PROVISIONS ................................................................................................ 2
CLASSIFICATION OF CLAIMS AND INTERESTS .................................................... 3
IMPAIRMENT OF CLAIMS ............................................................................................ 4
TREATMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS ....... 4
TREATMENT OF CLAIMS AND INTERESTS ............................................................ 5
EXECUTION AND IMPLEMENTATION OF THE PLAN .......................................... 5
RETENTION OF JURISDICTION .................................................................................. 7
RESOLUTION OF CLAIMS DISPUTES ........................................................................ 7
DISTRIBUTION AGENT ................................................................................................. 8
THIRD-PARTY PLAN INJUNCTION ............................................................................ 9
REQUEST FOR AND EFFECT OF CONFIRMATION ................................................ 9

## ARTICLE 1
## DEFINITIONS AND ABBREVIATIONS

All terms contained herein are as defined in the Disclosure Statement to Debtors' Joint Plan of Reorganization.

## ARTICLE 2
## GENERAL PROVISIONS

For purposes of the Plan, the following general provisions will apply:

**2.1.** The date of an Order, Motion or other Pleading required to be filed with the Court shall be the date that the document is filed with the Court.

**2.2.** The date of any other paper not required to be filed, but required to be served, shall be the date actually served, by whatever means service may be allowed under the circumstances by the Code, Rules or Local rules.

**2.3.** Whenever the Plan provides for a debt or obligation, or a note or instrument evidencing a debt or obligation, to bear interest at a specific rate, and the class of claims or interests to be replaced, satisfied or evidenced by such debt or obligation rejects the Plan on account of the rate of interest so proposed, or objects to the Plan on account of such rate of interest, the Court, at a hearing on Confirmation, may consider such rate of interest and accept any offered evidence or argument in support or opposition thereof and make a determination that the proposed rate of interest is appropriate or not. If the Court, after such consideration, finds the proposed rate of interest to not be appropriate under the Code, it may determine what rate of interest would be appropriate, in which case the Debtors may, without further notice or hearing, amend or modify the Plan to provide such rate of interest on such obligation as the Court determines to be appropriate and proceed to obtain Confirmation of the Plan, as so amended or modified.

**2.4.** Any obligation or payment imposed by this Plan shall be pre-payable without penalty.

**2.5.** **All obligations of the Debtors provided for under this Plan shall have a grace period of fifteen (15) days after written notice of the failure to perform such obligation. The failure to cure shall obligation within the grace period shall then constitute a default thereof.**

**2.6.** Any notice required to be given to Debtors, or to the reorganized Debtors, shall be sent by certified mail to: **Giddens & Gatton Law, 10400 Academy NE, Suite 350, Albuquerque, NM, 87111,** unless the person required to give Notice has been notified in writing of a change of address, or unless such person has actual knowledge of a different address at which the reorganized Debtors may be notified.

**2.7.** After Confirmation, the provisions of all Collateral Orders entered in this proceeding, if any, shall be superseded by this Plan and the Order of Confirmation, and the provisions of such orders shall then be of no further force and effect, except as the same may be contained in this Plan, or in the Order confirming this Plan.

**2.8.** For purposes of this Plan, each sub-class of claims (*e.g.* 3 B) within a Class shall constitute a separate "class" of claims as defined in the Code, and the fact that various sub-classes of claims are described as being within one general class is for descriptive purposes only.

**2.9.** After Confirmation, the Debtors may, with approval of the Court, remedy any defect or omission, or reconcile any inconsistency in the Plan, or in the Confirmation Order, as necessary to carry out the purposes and the intent of the Plan.

**2.10.** Unless otherwise expressly provided in this Plan, if there is a default (as defined in paragraph 2.5 above) in any obligation required under this Plan to be performed by the Reorganized Debtors:

**2.10.1.** The holder of such claim may (1) give notice to the reorganized Debtors or respective Debtor of its election to accelerate the balance then remaining of all unpaid allowed claims, declaring the same to be immediately due and payable, (2) enforce all collateral rights under applicable State and/or Federal law, and (3) initiate or re-initiate a collection action in any court of competent jurisdiction or through any administrative, judicial, or other means legally available to the claim holder, including enforcing a pre-petition judgment against the Debtors or respective Debtor, subject to paragraph 2.10.2 below.

**2.10.2.** Upon receipt of a notice of default, the Reorganized Debtors shall have a right to "de-accelerate" any obligations and reinstate the Plan by, within thirty (30) days of notice of acceleration, (1) paying to the claim holder all amounts then due under the payment schedule as if acceleration had not occurred, (2) paying to the creditor a late payment penalty of 10% of the defaulted payment, plus any court costs incurred by the creditor.

**2.10.3.** The third-party injunction contained in Article 11 herein terminates.

### ARTICLE 3
### CLASSIFICATION OF CLAIMS AND INTERESTS

Claims and interests in this Proceeding are classified, and such classes and sub-classes of claims are defined as follows:

**3.1.** **Class 1**: Administrative expenses of this proceeding as determined, allowed or allocated by the Court, including any unpaid attorney or United States Trustee Fees.

**3.2.** **Class 2**: All non-administrative claims entitled to priority pursuant to the Code:

**Class 2A**: Against DM & KC, LLC; and
**Class 2B**: Against Corley Nissan, LLC.

**3.3. Class 3**: Allowed claims secured by property of DM & KC, LLC[1], comprising the following subclasses:

**Class 3A**: The allowed secured claim of Prins Bank;
**Class 3B**: The allowed secured claim of WBL SPO I, LLC; and
**Class 3C**: The allowed secured claim of the City of Gallup.

**3.4. Class 4**: Allowed unsecured non-priority claims against DM & KC, LLC.

**3.5. Class 5**: Allowed unsecured non-priority claims against Corley Nissan, LLC.

**3.6. Class 6**: The equity interests of the Debtors.

## ARTICLE 4
## IMPAIRMENT OF CLAIMS

**4.1.** Holders of claims in Classes 1 and 6 are not impaired under this Plan, and are not entitled to vote for or against confirmation of this Plan. The holders of such claims are conclusively presumed to accept the Plan.

**4.2.** All other classes of claims are impaired by the Plan, and are entitled to vote for or against confirmation of this Plan.

## ARTICLE 5
## TREATMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS

**5.1.** The Debtors reserve the right to assume or reject any executory contract or unexpired lease not provided for herein, and not otherwise specifically assumed or rejected, until the earlier of December 31, 2024 or within five (5) business days after the Debtors accept a written purchase offer for the real property of DM & KC, LLC, at which time any such executory contract or unexpired lease shall be deemed rejected if no motion to assume has been filed and no provision for assumption is made in the Confirmation Order.

**5.2.** The Debtors do not assume any leases or executory contracts through this Plan.

**5.3.** Any person damaged by the Debtors' rejection of an unexpired lease or executory contract may have a claim against the Debtors which is classified by this Plan as a Class 5 or 6 claim as set forth in paragraph 3.5 above. Any such party to a rejected unexpired lease or executory contract shall be required to file with the Court a proof of claim for any such damages within thirty (30) days after the Debtors file and provides notice of such rejection in writing to such party, and shall serve a copy of such proof of claim upon counsel for the Debtors. If no such proof of claim is filed, such claim shall be barred herein, and deemed disallowed.

---

[1] On February 22, 2024, Corley Nissan, LLC filed a motion to abandon all of its tangible personal property from its bankruptcy estate (See Docket No. 81). For the purpose of this plan, all claims against Corley Nissan, LLC are considered to be unsecured claims.

# ARTICLE 6
# TREATMENT OF CLAIMS AND INTERESTS

**6.1.** Allowed **Class 1** claims (administrative expenses) shall be paid in full on or before the Effective Date, or upon approval thereof by the Court (if such approval is required), if such approval occurs after the Effective Date, unless the holder of any such claim agrees (whether expressly or otherwise) to deferred payment thereof, in which case the allowed amount of such administrative expense shall bear interest at the rate of 1% per month during any such deferred payment period.

**6.2.** Allowed **Class 2** claims (priority) shall be treated as follows:

**6.2.1.** Class 2A Claims: allowed Class 2A claims, if any, shall be paid *pro rata* according to their priority from the proceeds of the sale of the real property of DM & KC, LLC, within thirty (30) days following closing of the sale as set forth in Article 7 herein.

**6.2.2.** Class 2B Claims: allowed Class 2B claims shall be paid *pro rata* according to their priority from the Sale Proceeds Pool as defined in paragraph 7.7.3 herein, within forty-five (45) days following closing of the sale of DM & KC, LLC's real property as set forth in Article 7 herein.

**6.3.** Allowed **Class 3** (secured) claims shall be paid at closing of the sale of DM & KC, LLC's real property as set forth in Article 7 herein, with interest accruing at the contract rate until paid as allowed pursuant to 11 U.S.C. § 506(b).

**6.4.** The **Class 4** claims (unsecured claims of DM & KC, LLC): allowed Class 4 claims shall be paid *pro rata* from the proceeds of the sale of the real property of DM & KC, LLC, within thirty (30) days following closing of the sale as set forth in Article 7 herein.

**6.5.** Allowed **Class 5** claims shall be paid *pro rata* from the Sale Proceeds Pool as defined in paragraph 7.7.3 herein, within forty-five (45) days following closing of the sale of DM & KC, LLC's real property as set forth in Article 7 herein.

**6.6.** **Class 6**, the Debtors' equity interests, shall remain unimpaired under this Plan. However, Interest Holders shall only retain their interest upon payment of all amounts provided by this Plan.

# ARTICLE 7
# EXECUTION AND IMPLEMENTATION OF THE PLAN

**7.1.** Unless substitute liens are specifically provided for herein, all holders of allowed secured claims shall retain their pre-petition liens to secure payment of their allowed secured claims pursuant to this Plan. Within 60 days after payment or satisfaction of an allowed secured claim pursuant to this Plan, the holder of such claim shall release its lien. Upon the satisfaction or payment of any secured claim provided for under this Plan, it shall be the affirmative

obligation of the holder of such satisfied claim to execute and tender to the Reorganized Debtors, or record, as appropriate, any necessary release or termination statement in order to do so.

**7.2.** The obligations, including obligations of payment of claims, imposed upon the Reorganized Debtors by this Plan, after Confirmation, shall be evidenced by this Plan and any Order of Confirmation, and by any documents or instruments provided for under the Plan, including the pre-petition contracts, notes or other documents not extinguished or substituted for herein, which pre-petition contracts, notes, or documents shall be deemed amended to the extent necessary to conform to the provisions of this Plan and any Order of Confirmation. Unimpaired claims shall be evidenced by the pre-petition contracts or notes.

**7.3.** Except as provided for in Paragraph 7.2, and in accordance with 11 U.S.C. Section 1141, all pre-confirmation debts of the Debtors shall be deemed discharged by the Confirmation of this Plan, and only those debts or obligations provided for in this Plan shall be legally binding on the Reorganized Debtors.

**7.4.** After Confirmation of the Plan, the Reorganized Debtors shall be free to manage its affairs without further Order of this Court.

**7.5.** The Debtors reserve the right to prosecute any action provided for under Sections 510, 542, 543, 544, 545, 547, 548, 549, 550, 553, and 724 of the Code, after confirmation, subject to Section 546 and 551 of the Code, for a period of twelve months after the Effective Date. Such deadline may be extended by the Court on Motion of Debtor. Debtors further reserve the right to prosecute any cause of action arising under non-Bankruptcy law, existing as of the filing of the Petition, or accruing during this Proceeding, in any court of competent jurisdiction subject to any applicable statute of limitation, notwithstanding the allowance of any claim herein against the Debtors in favor of any claimant against whom such cause of action might lie.

**7.6.** The Debtors shall be free to sell any property after Confirmation, subject to liens thereon and the provisions of this Plan and any Order of Confirmation.

**7.7.** **The Debtors propose to fund this plan through the sale of the real property of DM & KC, LLC as follows**:

    **7.7.1.** In conjunction with this Plan, the Debtors are filing a motion to employ Dan K. Frady CDPE GRI QB, RE/MAX Combined Investments (the "Broker").

    **7.7.2.** **The proposed sale shall be consummated and close on or before December 31, 2024**. This deadline may be extended upon the written agreement between the Debtors and all parties that object to confirmation of this Plan, or by further Order of the Court.

    **7.7.3.** Proceeds of the sale shall be applied first to the costs of sale, including the commission of the Broker, then to allowed Claims against DM & KC, LLC, as set forth in Paragraphs 6.3, 6.2.1, and 6.4 herein. All proceeds remaining after payment of said costs and claims shall be placed into a **"Sale Proceeds Pool"** which shall be used to pay the allowed Claims against Corley Nissan, LLC as set forth in Paragraphs 6.2.2 and 6.5 herein.

**7.7.4. In the event that the Debtors do not consummate and close a sale of the business assets and/or the real property by December 31, 2024, and such deadline is not extended, Debtors shall retain the services of a professional auctioneer to conduct an auction of the property, to take place no later than April 1, 2025**, subject to appropriate auction procedures including Class 3 claims retaining their right to credit bid. Debtors shall file and notice out a motion to approve auction procedures on or before January 15, 2025, if an auction is necessary. In the event that said auction does not generate sufficient funds to pay all claims in full, allowed claim holders of DM & KC, LLC shall be paid according to their priorities, with all surplus funds going into the Sale Proceeds Pool for payment of allowed claim holders of Corley Nissan, LLC.

## ARTICLE 8
## RETENTION OF JURISDICTION

**8.1.** The Court shall retain jurisdiction after the Effective Date of this Plan for all purposes provided for by the Code, by this Plan, and by applicable law, including, but not limited to, resolution of claims objections as provided for in the Plan, interpretation or construction of the Plan, hearing and ruling on pending adversary proceedings, if any, and valuation as may be necessary for implementation of the Plan.

**8.2.** The entry of a Final Decree herein shall not deprive the Court of jurisdiction as provided for in paragraph 8.1., and the Reorganized Debtors shall apply for and, absent other grounds, be entitled to receive a Final Decree administratively closing this Proceeding upon substantial consummation, regardless of the pendency of any matters herein.

**8.3.** Payment of any claim provided for under this Plan shall not be a prerequisite to substantial consummation of this Plan, or to entry of a final decree.

## ARTICLE 9
## RESOLUTION OF CLAIMS DISPUTES

**9.1.** Unless the holder of a claim files a proof of claim herein prior to the Claims Bar Date, the amount listed in the Debtors' schedules of debts filed herein shall constitute the allowed amount of such claim. **However, the listing of a claim in Debtors' schedules of debts herein shall not preclude objection to such claims by the Debtors or respective Debtor, even if such claim is not listed as disputed or contingent in the schedules**. Any holder of a claim not listed in the Debtors' schedule of debts filed herein must file a proof of such claim prior to the Claims Bar Date, or else such claim will be barred herein to the fullest extent of the law.

**9.2.** Objections to claims in this proceeding shall be made in writing. Such claims objections shall be filed with the Court, and shall be served upon the holder of the disputed claim, at its address of record herein, and upon its counsel of record, if any, and upon counsel for the Debtors.

9.3. Any person or entity with standing to contest a claim herein pursuant to the Code and Rules shall be entitled to file an objection to any claim herein. Any such objection to a claim shall be filed within fifteen (15) days after the later of the Effective Date or the date such claim is filed, except that the Debtors may file an objection to any claim within forty-five (45) days after the later of the Effective Date or the date such claim is filed.

9.4. Any person or entity having standing to dispute a claim may, for good cause, obtain an Order extending the deadline within which such claim objection must be filed by filing a Motion to Extend such deadline prior to the deadline, with service thereof on Debtors and any other entity required by the Code, Rules or Local Rules.

9.5. Claims allowed as of the deadline for objection established pursuant to this Article shall be conclusively fixed for all purposes at such allowed amount, and shall not thereafter be amended except on motion or objection of Debtors.

9.6. Any other provision of Article 9 of this Plan notwithstanding, the holder of any claim disallowed pursuant to Section 502(d) of the Code may pay or turn over to the Debtors any property which constituted the basis of such disallowance within thirty (30) days of the Order disallowing such claim, in which event the claim, plus the principal amount of the money recoverable, shall be automatically allowed providing there is no other pending objection to the claim. Failure to turnover such money or property within such period shall permanently bar such disallowed claim, whether or not the Debtors file any adversary proceeding to recover the subject property or funds.

9.7. Claims of holders of secured claims for late charges, default interest, attorney fees, costs or similar additions to the amount of their secured claims accruing post-petition and prior to confirmation shall be allowed only to the extent allowable under the Bankruptcy Code and applicable non-bankruptcy law. No attorney fees, costs, default interest or late charges accruing post-petition and before confirmation shall be allowed unless the holder of a claim therefore files a statement herein, in the form of a supplemental proof of claim, stating the amount claimed, the basis for such claim, an itemization of all such amounts claimed, and, in the case of attorney fees, such supplemental claim shall have attached to it such billing statements supporting such fees as are necessary for the Court to determine whether such fees are reasonable and necessary, and allowable. Such supplemental claim shall be filed within thirty days after the Effective Date. If no such supplemental claim is timely filed, such amounts shall be disallowed. If a claim therefore is timely filed, a copy of such claim shall be served by the holder of the claim on Debtors' counsel, and Debtors shall have fifteen (15) days from the date of filing and service of such claim to file and serve an objection thereto. If no timely objection is filed, such amounts shall be allowed. If a timely objection is filed, the Court shall determine the allowable amount of such additional charges.

## ARTICLE 10
## DISTRIBUTION AGENT

The Debtors, through counsel, shall make all distributions provided for under this Plan with the exception of those made directly to secured creditors at the closing of the sale of DM &

KC, LLC's real property, and shall not be required to post any bond to secure its performance as Distribution Agent hereunder. Any distribution made through Debtors' counsel's trust account, shall be considered to be made by Debtors.

## ARTICLE 11
## THIRD-PARTY PLAN INJUNCTION

11.1. On the Effective Date and except as otherwise provided in the Plan, **all Persons who have been, are, or may be holders of Claims against a Debtor or the Debtors who also hold personal claims against any of the Debtors' current or former respective members, directors, managers, officers, employees, agents, or hold guarantees of those claims from any third party, shall be enjoined from taking any of the following actions against any Person with respect to such claims or personal guarantees**:

**a. commencing, conducting or continuing in any manner, directly or indirectly, any collection activities, including instituting a suit, action or other proceeding of any kind (including, without limitation, all suits, actions, and proceedings that are pending as of the Effective Date);**

**b. enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order;**

**c. creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance; and**

**d. asserting any setoff, right of subrogation or recoupment of any kind.**

11.2. **The injunctions provided for in paragraph 11.1 shall remain in effect for as long as the respective Debtor is in compliance with the Plan**. Such injunctions shall cease to be of force and effect with respect to the holder of a claim or personal guaranty of a Claim against a Debtor if there is a default by the respective Debtor which is not cured as provided in Paragraphs 2.5 and 2.10.2 of this Plan. The cessation of the injunctions shall only apply to any enjoined party whose claim against the respective Debtor is the subject of an uncured default. **The injunctions shall terminate sixty (60) days after closing of a sale of DM & KC, LLC's real property, for any claims not wholly satisfied by payments from the Debtors pursuant to the Plan.**

## ARTICLE 12
## REQUEST FOR AND EFFECT OF CONFIRMATION

12.1. The Debtors hereby request confirmation of this Plan pursuant to Section 1129(b), and hereby give Notice of their intent to obtain confirmation pursuant thereto.

12.2. On the Effective Date, Confirmation of this Plan shall have, *inter alia*, the following effects:

**12.2.1.** Unless expressly provided in this Plan, all claims against the Debtors or the bankruptcy estate shall be discharged, and only those obligations set out in this Plan shall be legally enforceable against the Reorganized Debtors.

**12.2.2.** All property of the bankruptcy estate, including rights, claims or causes of action, shall vest in the Reorganized Debtor, subject only to the liens and claims provided for in this Plan.

**12.2.3.** Unless otherwise provided herein, all Collateral Orders shall cease to have force and effect.

**12.3.** Until the Effective Date, nothing contained in this Plan, or in the Disclosure Statements related to any Plan shall have legal force or effect, nor shall anything set out in any Plan or Disclosure Statement constitute an admission by the Debtors as to any claim treated herein, in that this Plan and any related Disclosure Statement is the Debtors' offer to settle each and every claim treated herein.

**12.4.** This Plan is the Debtors' voluntary, good faith effort to resolve all matters dealt with herein, and all claims treated herein. Until conclusion of a hearing on confirmation of this Plan, Debtors reserve the right to withdraw this Plan from consideration for confirmation.

Respectfully submitted,

GIDDENS & GATTON LAW, P.C.

By: /s/Christopher M. Gatton,
Submitted electronically 2.29.2024
10400 Academy Rd., NE, Suite 350
Albuquerque, NM 87111
Telephone: (505) 271-1053
Fax: (505) 271-4848
chris@giddenslaw.com
*Attorneys for Jointly Administered Debtors*

### CERTIFICATE OF MAILING:

I hereby certify that I served the foregoing pleading through the transmission facilities of the electronic filing system on this 29th day of February, 2024, to all parties on the consolidated mailing matrix, a copy of which is attached to the original Disclosure Statement on file with the Clerk of the Court.

/s/Christopher M. Gatton,
Submitted electronically 2.29.2024