UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CORLEY NISSAN, LLC, a
New Mexico limited liability company,

Case No. 23-10975-j11

Debtor.

---

In re: DM & KC, LLC, a New Mexico
limited liability company,

Case No. 23-10976-t11
(Jointly Administered)

Debtor.

### DM & KC, LLC'S MOTION TO EMPLOY REAL ESTATE BROKER

COMES NOW DM & KC, LLC (the "Debtor"), by and through counsel, and hereby moves for entry of an Order allowing the employment of Dan K. Frady CDPE GRI QB, RE/MAX Combined Investments (the "Broker") as the real estate broker related to the sale of Debtor's corporate real estate. In support of this Motion, Debtor STATES:

1. On October 31, 2024, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On February 29, 2024, the Debtor, along with joint debtor Corley Nissan, LLC, filed a joint plan of reorganization under which the Debtor proposes to liquidate its real property to pay creditors of both debtors (Docket No. 87) (the "Plan").

3. To effectuate the Plan, Debtor needs to employ Broker to market and sell its real property.

4. In general, the professional services the Broker is to render are:

    a. To represent and to render advice to Debtor regarding the negotiation, agreement and final sale of the Debtor's corporate real estate, and including, without limitation, the negotiation, preparation of sale agreement, and transfer of corporate real estate of the Debtor;

b. To communicate any offers, counter-offers, sale terms, and any other services necessary to effectuate the sale of the Debtor's corporate real estate;

c. To perform any other services Debtor, debtor's bankruptcy counsel and Broker deem necessary and appropriate under the applicable state laws as well as the Bankruptcy Code to effectuate the sale of Debtor's real property.

5. To the best of Debtor's knowledge, information and belief, Broker has no connection with Debtor, its creditors or any other party in interest or their respective attorneys. Broker has not been paid any amount in a retainer, or any amounts pre- or post-petition. Broker will represent Debtor only with respect to the sale of its corporate real estate.

6. As compensation to Broker for services, Debtor will, upon the approval by this Court, pay Broker a commission of **5%** of the total sales price, plus applicable NMGRT. See the Listing Agreement attached hereto as **Exhibit 1** and incorporated herein by reference.

7. Employment of Broker should be made retroactive to the date of the filing of this Motion.

WHEREFORE, Debtor requests that the Court enter an Order:

1. Approving Debtor's employment of Broker as set out herein and in Exhibit 1;

2. Making Debtor's employment of Broker retroactive to the date of this motion; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted by,

GIDDENS & GATTON LAW, P.C.

/s/Chris M. Gatton,
Submitted electronically 2.29.2024
10400 Academy NE, Suite 350
Albuquerque, NM 87111
Phone: (505) 271-1053
Email: chris@giddenslaw.com
*Counsel for Jointly Administered Debtors*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 29th day of February, 2024, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing.

/s/Chris M. Gatton,
Submitted electronically 2.29.2024